Robinson *v.* Hawkins.

---

CALVIN ROBINSON 2ND *v.* FERDINAND HAWKINS.

*Estoppel.    Attachment.    Arbitration and Award.*

The plaintiff was in the possession of three cows, two of which the defendant, an officer, attached upon a writ in favor of G. Subsequent to the attachment and before the sale, the plaintiff told G.'s attorney that he owned all three of the cows. After this admission and before the sale, the plaintiff told the officer that one of the cows he had attached belonged to his father and the other to him and was his last and only cow, and forbid the sale by the defendant, but he proceeded with the sale. *Held,* that in an action against the defendant for the taking and conversion of the cow the plaintiff is not estopped, by his admission to G.'s attorney, from claiming that at the time of the attachment and sale he owned but one cow; because regarding the attachment as the trespass, the admission was made subsequent to it; and regarding the sale as the trespass, the officer took the risk as to which of the plaintiff's declarations should prove to be true.

When an officer wrongfully attaches and sells a debtor's only cow, and subsequently the attaching creditor and debtor submit to arbitration all matters existing between them, it is *held,* that the debtor, by neglecting to present his claim before the arbitrator for the attachment and sale of the cow, is not barred from his remedy against the officer who was no party to the submission.

It will not be presumed that said claim was presented *to* and adjudicated *by* the arbitrator, where by the terms of the submission it did not become the duty of the debtor to present it, and where the referee did not find that it was presented.

TRESPASS for the taking and conversion of a cow. The case was referred, and the facts found and points raised are stated in the opinion of the court. At the December Term, 1865, the court, MARCY, J., presiding, rendered judgment, on the referee's report, for the defendant to recover his costs,—to which the plaintiff excepted.

Robinson *v.* Hawkins.

It appeared from the report that the proceeds of the sale of the cow by the defendant were by him, for his own convenience, placed in the hands of Chapman, Gilson's attorney, to be kept by him to await the result of the suit, but that Gilson, at the time of the hearing before the arbitrator, referred to in the opinion, was not aware of this fact.

*Gilbert A. Davis,* for the plaintiff.

The defendant was a trespasser *ab initio* in making the sale of the plaintiff's cow, as there was at the time of the sale no statute law authorizing a sale of property attached after the return of the writ to the justice and the rendition of judgment thereon, and an appeal had been taken. No such authority existed till the passage of No. 16 Acts of 1861. (G. S. p. 296, § § 46, 47.)

The plaintiff is not estopped from now claiming this cow to have been his only cow by reason of his statements to Mr. Chapman as found by the referee. *a.* The *attachment* is the trespass complained of. *b.* The referee does not find that the defendant relied on the statements to Chapman, nor that at the time of these statements the plaintiff had any knowledge of any intended sale of the cows on the writ, but that the attachment had been made previous to the conversation and not in reliance upon it.

To constitute this conversation with Chapman an estoppel, it must affirmatively appear that the plaintiff knew, or had reason to know, that the defendant, in reliance upon his statements, was about to sell the cow upon the writ, and that, in fact, in reliance thereon the defendant did make such sale. *Hicks* v. *Cram et al.,* 17 Vt. 449 ; *Wakefield* v. *Crossman and Tr.,* 25 Vt. 298.

The submission and award is not a bar to the present suit. The case fails to find that *in fact* either party to said submission submitted, or ever claimed to have the avails of the cow deducted from damages found due Gilson ; or for an award in favor of Robinson for her value in case he defeated a recovery on the part of Gilson.

The case at bar and the case of *Robinson* v. *Morse,* 26 Vt. 392, are not identical in facts or principle.

In the submission between *Gilson* and *Robinson* a controversy between *Robinson* and *Hawkins* is not embraced. *Warfield* v. *Holbrook,* 20 Pick. 531 ; *Carr* v. *Reeve,* 14 Johns. 79 ; *Fiddler* v. *Cooper,* 19

Robinson *v.* Hawkins.

Wend. 285; Cald. on Arb., pp. 417, 300, note; Chitt. on Con., p. 814, note.

*John F. Deane*, for the defendant.

I. The judgment rendered in the county court upon the report of the referee is correct, for the reason that the plaintiff is estopped by his declarations from claiming the cow in question as his last and only cow. He suffered the defendant to serve his writ of attachment on the 18th of May, 1857, without claiming to him or any other person that the cow attached was his last and only cow. On the 20th or 22d June, 1857, in attempting to settle this very matter in controversy the plaintiff says to Chapman, Gilson's attorney, "I own all three of those cows and your lien on those is perfectly good." And the plaintiff makes no claim to the cow attached, as his last and only cow, until the 26th of September, 1857, when the defendant is proceeding to sell the cow, by the direction of Gilson, who was relying upon the declarations of the plaintiff made to him through his attorney, Chapman, which Gilson had a right to do.

II. The submission was broad enough to cover and did cover the subject matter of this suit. The referee finds the fact that it was the intention of the parties to this submission that it should settle the very matter in controversy in this suit. Then as the parties did make their submission under seal to arbitration, which submission included the very matter in controversy in this suit, and an award was made pursuant to the submission, that award is a bar to this suit. The law of the case is established in *Smith* v. *Johnson*, 15 East 213; *Robinson* v. *Morse*, 26 Vt. 392; *Wheeler* v. *Van Houten*, 12 Johns. 311; *Warfield* v. *Holbrook*, 20 Pick. 531; *Briggs* v. *Brewster*, 23 Vt. 100, 29 Vt. 463.

The opinion of the court was delivered by

PECK, J. The action is trespass, in which the plaintiff seeks to recover for the taking and conversion of a cow. The defendant justifies, as deputy sheriff, the taking and sale of the cow under a writ of attachment in favor of Josiah Gilson against this plaintiff. The plaintiff claimed before the referee that at the time of the attachment and sale the cow was the plaintiff's last and only cow, and so the referee finds the fact, unless the plaintiff is estopped from proving the fact. The defendant insists that the plaintiff is thus estopped by

reason of certain admissions or declarations made by the plaintiff to Chapman, the attorney of Gilson, the attaching creditor. It appears that the cow was attached and taken in May, 1857, and sold by the defendant, by virtue of the writ, in September of the same year. The referee finds that two cows were attached upon the writ as the property of this plaintiff, but that one of them belonged to William Robinson, the father of this plaintiff. The referee finds that in June, after the attachment, this plaintiff proposed to Chapman, Gilson's attorney, to settle the demand in suit by giving his note for a certain sum, and to give Gilson a lien on the cows attached as collateral security; that Chapman said to him, " your father tells me he owns one of the three cows, Justice T. Robinson one, and you one; and if this is so, it would make no security at all." The plaintiff said in reply to this, " I own all three of the cows and your lien on them is perfectly good." Chapman then said to him, " what does this mean that your father should put in such a claim ?" The plaintiff replied, " any one would do so when sued." No settlement was effected. The report shows that the defendant claimed that when Gilson, in September after, directed him to sell the cow in question, he relied on what the plaintiff told Chapman as to the ownership of the cows, and that the plaintiff ought to be estopped in this suit from claiming that at the time of the attachment and sale he owned but one cow.

Looking simply at the attachment and taking of the cow, this admission of the plaintiff cannot amount to an estoppel, because such attachment and taking could not have been done on the faith of the admission, the attachment and taking having been before the admission was made. It is of the very essence of an estoppel *in pais* that the party claiming the benefit of the estoppel relied on the declaration of the other party as true, and was thereby inclined to act differently from what he otherwise would, so that he will be prejudiced by the other party being permitted to prove the fact different from what he has declared it to be. But suppose the sale of the cow by the defendant is regarded as the trespass complained of, there is no estoppel; because it appears that after this admission and just before the sale, the plaintiff informed the defendant that one of the cows belonged to his father and that the other was his (the plaintiff's) last and only cow, and forbid the sale by the defendant. After

Robinson *v.* Hawkins.

this notice and forbidding of the sale, if the defendant proceeded to sell the cow, he took upon himself the risk as to which of the declarations of the plaintiff should prove to be true. The admission relied on is only evidence, and the defendant had the benefit of it to that extent before the referee. But there is another reason why this is not an estoppel that should bar the plaintiff from a recovery. The most that the defendant can ask by way of the estoppel of the plaintiff, is to have the same rights in this action as he would if the plaintiff's admission that he owned all the cows were true. Assuming the fact to be so, still the defendant became a trespasser *ab initio* by the sale of the cow, as at that time there was no law authorizing an officer to sell property by virtue of a writ after the writ was returned into court and the court had taken jurisdiction *of*, and proceeded *with*, the cause.

The defendant relies on a submission and award of an arbitrator between the plaintiff and Gilson, as a bar to the action. It appears that in 1858, while the suit in which the cows were attached, was pending in the county court, to which it had been appealed, Calvin Robinson, 2nd, and his father, William Robinson, and Gilson executed mutual bonds of submission to arbitration, in pursuance of which an award was made in May, 1859. The arbitration bonds specify as a matter of difference submitted, a " disagreement relative to the sale and purchase, or rent and occupancy, of certain premises, wherein the said Gilson claims damages of said Calvin Robinson, which disagreement has resulted in a suit at law," (referring to the suit already mentioned), and also specifying a claim on the part of the said William Robinson, that Gilson has, by deputy sheriff Hawkins, attached a certain cow claimed by William Robinson as his property, for which Robinson has a suit pending against Gilson. To this particular description of the matters submitted is added a general clause of all matters existing between Gilson and William Robinson and between Gilson and Calvin Robinson. The defendant's counsel insists that, under this general clause, the plaintiff was bound to present the claim embraced in this suit before the arbitrator and have it there adjudicated, and that if he neglected to do so, he is barred of all remedy, not only as against Gilson but as against this defendant. We recognize the principle established by the cases cited in argu-

44

ment, that under a general submission of all matters existing between the parties, if a party withholds a part of his claims from the arbitration he cannot, as a general rule, afterwards enforce it against the other party to the submission. Whether this rule is limited to cases where a party, in bad faith and intentionally in violation of his contract, withholds a claim, it is not necessary to decide. Nor is it necessary to decide what exceptions there are to this rule as between the parties to the submission. It is sufficient to say that, in the opinion of the court, the neglect of the plaintiff to present this claim before the arbitrator does not operate to bar him from his remedy against the defendant, who was no party to the submission. The cases on this subject, in which it is held that the party is concluded, proceed upon the ground that the party was bound, by his contract of submission, to present the claim and have it adjudicated by the arbitrator. We think in this case the plaintiff was not bound by the submission to present the claim before the arbitrator, but had a right to look to the officer who actually committed the trespass. It is true he might have made Gilson liable for the acts of the officer if he could have shown that Gilson directed the officer to attach and sell the particular cow in question, but he was not bound to resort to him instead of the officer for remedy. The submission and award is no bar to a recovery, without showing that the matter was submitted to and adjudicated by the arbitrator, and this the referee says he does not find.

The defendant's counsel claims that the presumption is that it was presented *to*, and adjudicated *by*, the arbitrator, unless the contrary is shown. This would be so if by the terms of the submission it became the duty of the plaintiff to present it to the arbitrator, but not so in this case.

But it is urged that enough is stated in the report to warrant the court in presuming, as matter of fact, that it was included in the award. But we should not be justified in finding the fact where the referee says he is unable to find it. If we look at the probabilities in reference to this fact, we think they are against the proposition claimed by the defendant. It is true the referee finds that it was expected that the arbitration would settle all matters growing out of the attachment of the cow, whether the referee infers it from the

written submission, or on what he bases his finding he does not state. It could not be added to the written contract by parol, unless acted upon before the arbitrator by mutual consent. It is stated in the report that it appeared before the arbitrator what each cow was sold for ; but that would be likely to be disclosed in trying William Robinson's claim for his cow, as both were sold on the same occasion, and there might have been a question which of the two cows belonged to Willam Robinson. On the other hand the referee finds that this plaintiff made no claim before the arbitrator that he should be allowed for the cow, or that his only cow had been attached and sold. He also finds that Gilson did not claim before the arbitrator that he should account to the plaintiff for the cow. Although the language of the referee is that he is unable to find that the value of the cow was deducted from Gilson's claim, it would be too much for the court to presume it was deducted when the referee finds that neither party claimed that it should be. It is not probable the arbitrator would assume to do it under such circumstances. Again, if it had been thus deducted, the money received from the sale of the cow would have belonged to Gilson, and the officer, the defendant, undoubtedly would have paid it over to him, and if so, he could have shown it. For aught that appears, the money is still in the hands of the defendant, or what is equivalent, in the hands of Chapman, his bailee. The money, then, does not belong to Gilson, and it is clear that it does not belong to the defendant, and equally clear that the plaintiff, both in law and justice, is entitled to recover it, or rather the value of his cow and interest, according to the report.

Judgment reversed and judgment for the plaintiff on the report.